Antonio Vicéns Ríos, demandante, contrademandado y apelado, *v.* Margarita Vicéns Ríos, née Margarita Oliver Cuveljé, demandada, contrademandante y apelante.

Núm. 6849.—*Sometido:* Diciembre 4, 1936. *Resuelto:* Julio 31, 1937.

*Alberto S. Poventud,* abogado de la apelante; *M. Marcos Morales,* abogado del apelado.

El Juez Asociado Señor Wolf emitió la opinión del tribunal.

En septiembre 5, 1933, Antonio Vicéns Ríos instó demanda de divorcio contra su esposa Margarita Oliver Cuveljé. Como fundamentos separados de su recurso alegó las causa-les de abandono y trato cruel. Después de presentarse por la demandada una moción para eliminar y de declararse la misma sin lugar, ella radicó una negativa general y una con-trademanda, en la que alegaba a su favor abandono y trato cruel por parte del marido. La Corte de Distrito de Ponce dictó sentencia en favor del demandante por ambos motivos y le concedió la patria potestad sobre los dos hijos menores habidos durante el matrimonio.

La apelante señala siete errores, seis de los cuales ver-san directamente sobre la apreciación de la prueba. Sólo el primero envuelve una cuestión de derecho, a saber, la certeza del proceder de la corte inferior al declarar sin lugar la mo-ción eliminatoria.

██ La corte se negó a eliminar ciertas frases de la demanda, que se alegaba constituían conclusiones de derecho o materia redundante. Hemos examinado las palabras ob-jetadas, y en la mayoría de los casos, si no en todos, eran admisibles como una alegación general por haberse alegado previamente hechos más específicos relacionados con la misma. Nos inclinamos a convenir con la apelante en que una con-clusión de derecho, aun cuando se derive de hechos suficien-tes para sostenerla, aducidos en la demanda, está siempre

sujeta a una moción para eliminar si se presenta oportunamente. Resolvemos que frases tales como "voluntaria y sin causa justificada", relacionada con la naturaleza del abandono por la demandada, y "de una manera cruel e inhumana", "una conducta de extrema severidad", "en una forma áspera y con frases ofensivas", etc., en relación con el trato cruel de la demandada, no son meras conclusiones de derecho, sino que puede considerarse que, al ser tomadas conjuntamente con otros motivos de crueldad específicamente alegados, expresan hechos últimos (*ultimate facts*). No hallamos que se cometiera error, y de haberlo, no fué perjudicial.

■■ Los señalamientos segundo y quinto atacan las conclusiones de la corte al decidir en favor del demandante la cuestión de abandono, y al resolver, en su consecuencia, en contra de la apelante cuando ella igualmente solicitaba el divorcio por abandono. La transcripción de evidencia consiste de más de 600 páginas y en ella nada hallamos que nos induzca a creer que la corte inferior cometió error manifiesto al aquilatar la prueba, ni que ésta actuara movida por prejuicio, por parcialidad o por pasión al emitir su fallo. Esto es especialmente cierto con respecto al abandono.

Es un hecho incontrovertido que la demandada abandonó el hogar de su esposo y nunca regresó a él, aunque hubo prueba por parte de ella tendiente a demostrar que el esposo le pidió que se fuera de la casa. Esta prueba de la demandada no fué creída por la corte inferior y no hallamos razón para dudar de que la conclusión de la corte fuera correcta. Indudablemente, el esposo le dijo a ella que podía irse si así lo deseaba, mas él no asumió la actitud de ordenarle que se marchara.

Convenimos con la apelante en que cuando la conducta del cónyuge que imputa el abandono es tal que la persona que abandona el hogar no puede soportar por más tiempo el trato a que ella estaba sometida, entonces la demanda debe declararse sin lugar o de lo contrario, cuando la parte demandada

radica una contrademanda, ésta en algunos casos puede obtener el divorcio por el mismo fundamento.

La evidencia presenta el caso de un hombre que contrajo matrimonio con una mujer de algunos recursos; que ella voluntariamente le inició en los negocios con su propio hermano; que éstos fracasaron; que el marido posteriormente estuvo ocupado en varios establecimientos de importancia en la ciudad de Ponce, ocupando posiciones prominentes, tanto comerciales como sociales; que éste siempre ha sido un hombre trabajador y asiduo y que como resultado de su laboriosidad y también en parte como resultado del dinero de su esposa, a él le fué posible mantener un alto nivel de vida para su esposa e hijos durante doce o quince años; que su esposa frecuente y públicamente le insultaba acusándole de ser un pillo, especialmente durante el año 1931 debido a que parte del dinero que ella le suministró se perdió en los negocios, aunque parte del mismo fué gastado por él en beneficio mutuo de ellos; que ella era y todavía es una persona delicada de salud y altamente excitable; que repetidamente él trató de vivir con ella en armonía; que ella abandonó a él y a sus hijos en noviembre de 1931 y que él ha tratado infructuosamente de hacerla regresar a su hogar. Además, la prueba revela que hasta poco antes de que su esposa le abandonara el Sr. Vicéns Ríos fuí bondadoso y considerado, y sus cartas para ella, mientras ella estaba ausente a principios de 1931 y que fueron ofrecidas por ella como prueba, están concebidas en términos que denotan sinceridad.

Por otra parte no hallamos que la prueba presentada por la demandada sea en absoluto fuerte. El conflicto en la evidencia con respecto al incidente que se supone condujo al abandono del hogar del demandante por parte de la esposa, es un buen ejemplo del tipo de conflictos que surgieron en varias ocasiones durante el juicio, y fueron resueltos en favor del demandante por la corte inferior. La versión del demandante es que un día durante la comida había una huésped, la Sra. Brenes (cuyo testimonio no le mereció crédito a la

corte inferior) y que la esposa empezó a quejarse del servicio, de la pérdida del dinero de ella por él y que se estaba cansando de todo esto, llamándole incidentalmente en la forma usual de pillo, etc.; que ella no podía continuar viviendo en su compañía y que se sentía con deseos de abandonar la casa. Él admite que como resultado de sus observaciones él se indignó y le dijo que podía irse cuando quisiera. Dice que no fué hasta algún tiempo después que ella abandonó el hogar. La versión de ella es que había tenido un disgusto con una de las sirvientas y que la sirvienta le había contestado en forma irrespetuosa; que durante la comida ella se quejó de esto a su esposo y que éste le contestó que ella, la esposa, debía irse de la casa, que él se estaba cansando de decirle que se fuera. La corte inferior creyó la versión hecha por él. Hallamos que la corte de distrito no cometió error al resolver en favor del demandante por la causal de abandono.

La corte tuvo derecho a creer que la esposa y no el marido, era la culpable. Somos igualmente del criterio, aunque no tan fuertemente, de que la corte inferior estuvo justificada al resolver en favor del marido por razón del supuesto trato cruel por parte de la esposa. La duda es que un hombre frecuentemente toleraría alguna de la conducta descrita en los autos y no alegaría trato cruel. En realidad el marido había condonado antes un gran número de actos de la misma índole. Su esposa estaba muy mal de salud. Sin embargo, la prueba tendió a demostrar que la demandada no solamente insultaba a su marido, sino también que lo hacía frente a otras personas. Que estas cosas se las decía a los socios del demandante; que ella le acusó de habérsele quedado con su dinero así como de los otros hechos que previamente hemos reseñado.

*La sentencia debe ser confirmada.*

Los Señores Jueces Presidente del Toro y Asociado Córdova Dávila, no intervinieron.